# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**FRANKLIN C. SMITH,**

    **Plaintiff,**

**vs.**                                                               **Case No. 4:20cv589-RH-MAF**

**FREDDIE G. BRAXTON,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on December 28, 2020, by submitting a complaint, ECF No. 1, and a motion seeking leave to proceed in forma pauperis, ECF No. 2. Because Plaintiff's motion was not submitted on the form which is used in this Court and failed to provide any information on Plaintiff's financial situation, ruling on the motion was deferred. ECF No. 4. Plaintiff was required to clarify his financial abilities, and directed to submit an amended in forma pauperis motion by **February 5, 2021**. *Id.*

As of this date, Plaintiff has not yet complied. Plaintiff did submit a demand for "a cease and desist order, ECF No. 6, and most recently, a letter to the Court, ECF No. 7. Neither document is responsive to the prior Order.

Plaintiff's in forma pauperis motion does not fully disclose Plaintiff's financial condition. Plaintiff indicates he has no income, but he has failed to provide any relevant information about his financial abilities. Although ruling on the motion could be deferred and Plaintiff given an additional opportunity to comply with the prior Order, there is no need to further delay this case.

Plaintiff's complaint, ECF No. 1, was previously reviewed and Plaintiff was informed that it did not appear this case could proceed because of a significant problem - none of the Defendants listed in this case are located within the State of Florida. ECF No. 1 at 2-4. Rather, the Defendants are located in Michigan and the District of Columbia. *Id.* In addition, none of the events alleged took place within the State of Florida. It appears that Plaintiff is seeking to challenge the settlement of his mother's estate and the "probate process" from Michigan, Virginia Beach, and Washington, D.C. *Id.* at 5. Based on the information provided, any challenge to that

proceeding must be pursued in the state of Michigan. *See* ECF No. 1 at 10.

Even if this Court had jurisdiction over the parties and venue was appropriate in the Northern District of Florida, a federal court does not have jurisdiction to consider a challenge to the settlement of Plaintiff's mother's estate. Such issues are matters which are properly resolved in state court. A federal court is a court of limited jurisdiction and there is no jurisdictional basis for this Court to resolve disputes concerning probate, child support, or other family law issues.

Furthermore, Plaintiff cannot use this case to overturn a judicial decision made in the state court probate proceedings. If that proceeding has concluded, Plaintiff may appeal that order in state court. However, Plaintiff may not seek appellate review of the decision of a state court in this Court, as the *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgement entered in state court, "based on

the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994) (quoted in Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010)).  It appears that Plaintiff's claims are barred.  Accordingly, there is no reason to delay this case further.  Plaintiff's complaint should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for lack of jurisdiction and all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 8, 2021.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**